# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 96 | **DATE** | 7/21/2004 |
| **CASE TITLE** | Mikula vs. Great Lakes Fin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Defendants Great Lakes Financial Services, Inc.'s motion to dismiss a portion of Count I and all of Count II and Loyola University Medical Center's motion to dismiss Counts II and III of John J. and Helen Mikula's amended complaint are granted. Status hearing set for 08/10/04 to stand. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 2 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 24 |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN J. MIKULA and )
HELEN MIKULA, )
  )
  Plaintiffs, )
  )
v. ) No. 04 C 96
  )
GREAT LAKES FINANCIAL )
SERVICES, INC. and LOYOLA )
UNIVERSITY MEDICAL CENTER, )
  )
  Defendants. )

DOCKETED
JUL 2 2 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Great Lakes Financial Services, Inc.'s ("GLFS") motion to dismiss a portion of Count I and all of Count II and Loyola University Medical Center's ("LUMC") motion to dismiss Counts II and III of John J. and Helen Mikula's ("Mikulas") amended complaint. For the reasons stated below, we grant GLFS's and LUMC's motions to dismiss.

## BACKGROUND

Plaintiff John J. Mikula ("Mikula") is employed at International Truck & Engine Corporation ("ITEC"), where he has a medical benefits plan through the

1



company that is subject to Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* On November 21, 2002, Mikula received medical treatment at LUMC, a preferred provider under Mikula's ITEC medical benefits plan. On January 7, 2003, LUMC sent Mikula a bill informing him that his insurance had paid on the account, and the remaining balance of $1601.45 was his responsibility. LUMC sent Mikula a final notice bill dated May 16, 2003 for $1601.45 requesting payment immediately. Mikula alleges that he complained to Aetna U.S. Healthcare ("Aetna"), the administrator of the ITEC medical benefits plan, promptly after receiving both bills from LUMC. On August 12, 2003, Aetna sent a letter to LUMC notifying LUMC that pursuant to the preferred provider arrangement, the remaining balance was to be written off.

On January 7, 2004, Plaintiffs filed a complaint in federal district court and subsequently filed an amended complaint. The amended complaint contains a Fair Debt Collection Practices Act claim, 15 U.S.C. §§ 1692(e), 1692(e)(2), 1692(e)(10), 1692(f), and 1692(f)(1) ("FDCPA") (Count I), ERISA claims, 29 U.S.C. § 1132 (Count II), and a breach of contract claim. Both GLFS and LUMC have filed a motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. GLFS' Liability Under FDCPA

GLFS filed a motion to dismiss Count I to the extent that it alleges a violation

of 15 U.S.C. § 1692f, which provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
>
> **(2)** The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
>
> **(3)** The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
>
> **(4)** Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
>
> **(5)** Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
>
> **(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>
> **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> **(B)** there is no present intention to take possession of the property; or
>
> **(C)** the property is exempt by law from such dispossession or disablement.
>
> **(7)** Communicating with a consumer regarding a debt by post card.
>
> **(8)** Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f. GLSF argues that the letters sent to Plaintiffs contained all of the

disclosures required by § 1692f. GLSF also argues that Plaintiffs' claim should be dismissed in accordance with the holding of the court in *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991 (7th Cir. 2003). In *Turner*, the Seventh Circuit examined a § 1692f claim brought against a debt collector for attempting to collect on a debt that was discharged in bankruptcy. *Id.* at 993-94. The court held that for a § 1692f the unsophisticated consumer standard is applied which requires that the court "view the debt collector's communication through the eyes of an unsophisticated, but reasonable, consumer . . . ." *Id.* The court held that the collection letters sent by the defendants complied with § 1692g(a). The notice requirements under § 1692g(a) are as follows:

> a) Notice of debt; contents
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .

5

15 U.S.C. § 1692g(a). First of all, in *Turner*, the Seventh Circuit was reviewing a district court's decision to grant a motion for summary judgment whereas, in the instant case, we are addressing a motion to dismiss. Clearly, GLFSs arguments in this regard are premature. Whether or not the letters at issue in this case complied with 15 § U.S.C.1692f or 15 U.S.C. § 1692g(a) cannot be determined at this juncture. GLFS inappropriately attempts to argue its substantive case based on the evidence in its motion to dismiss. It is apparent that GLFS has overreached the boundaries of a motion to dismiss by the fact that GLFS seeks to have the court apply the unsophisticated consumer test and determine whether or not the evidence is such that GLFS should succeed as a matter of law. Therefore, we deny the motion to dismiss Count I.

## II. ERISA Claims

Count II of Plaintiffs' amended complaint alleges violations under 29 U.S.C. § 1132 against both GLFS and LUMC. Plaintiffs specified in their answer to the instant motion that their claims are based upon alleged violations of 29 U.S.C. § 1132(a)(1)(B). ERISA provides that "[a] civil action may be brought- (1) by a participant or beneficiary-- . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). Suits to

enforce rights under the terms of the plan may generally only be recovered against the plan as an entity. *See Garratt v. Knowles*, 245 F.3d 941, 945 (7th Cir. 2001)(addressing a § 1132(a)(1)(b) claim and holding that "ERISA permits suits to recover benefits only against a Plan as an entity" and thus the claim was improperly brought against the defendant board members and attorneys)(quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir.1996)). Although, the courts have indicated that allowed suits may be brought against an employer, such suits are limited to situations such as where the plan documents refer to the employer and the plan "nearly interchangeably, and the company designated itself as the plan's agent for service of process." *Riordan v. Commonwealth Edison Co*, 128 F.3d 549, 551 (7th Cir. 1997). *See also Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001)(indicating that an employer corporation could be sued under ERISA if the corporation and the plan are "closely intertwined."). In the instant case, there are no allegations that either of the named defendants are Plaintiffs' employer or that the corporations are intertwined or synonymous with the plan entity. Plaintiffs merely allege that LUMC is the healthcare provider under the plan and that GLFS is a debt collector. Plaintiffs fail to cite even one case that indicates that a health care provider or its collection agent can be sued under 29 U.S.C. § 1132(a)(1)(B). Therefore, we grant GLFS' and LUMC's motions to dismiss the ERISA claims (Count II).

## III. LUMC's Liability for Breach of Contract

In Count III of the amended complaint, Plaintiffs allege a breach of contract claim against LUMC. Plaintiffs assert this claim, seeking to enforce their rights as third party beneficiaries of the contract entered into by LUMC and Aetna. LUMC argues that Plaintiffs have not alleged facts sufficient to meet all of the required elements for a breach of contract claim under Illinois law. However, in making such an argument LUMC fails to comprehend the notice pleading standard that is applicable in the federal courts. Plaintiffs have provided LUMC with sufficient notice of the claim against it which is sufficient. *See Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002)(stating that there "is no requirement in federal suits of pleading the or the elements of a claim, with the exceptions (inapplicable to this case) listed in Rule 9. . . ."); *Head v. Chicago School Reform Bd. of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000)(stating that the plaintiff was not required under the notice pleading standard to "pleaded sufficient facts to establish the legal elements of his claim."); *Kyle,* 144 F.3d at 454-55 (stating that the notice pleading standard for federal courts which requires a plaintiff only to allege the "operative facts" rather than all the pertinent facts); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later.").

## CONCLUSION

Based on the foregoing analysis, we deny GLFS' motion to dismiss the claim alleging a violation of 15 U.S.C. § 1692f (Count I). We grant the motions to dismiss the ERISA claims (Count II). We deny LUMC's motion to dismiss the breach of contract claim (Count III).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 21, 2004